Timothy KEENAN, Plaintiff–Appellant,

v.

Washington DANIEL, Defendant–Appellee.

No. 02–2059.

United States Court of Appeals, Sixth Circuit.

April 1, 2003.

Before: BOGGS, SUHRHEINRICH, and SILER, Circuit Judges.

----

*ORDER*

Timothy Keenan, a pro se Michigan prisoner, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and declaratory relief, Keenan sued Washington Daniel, a prison librarian at the Southern Michigan Correctional Facility (SMCF) where Keenan was incarcerated. Keenan's complaint concerns his work assignment evaluations completed by Daniel while he was incarcerated at SMCF. Keenan worked as a library aid at SMCF in 1999. Keenan filed suit against Daniel requesting that the district court determine that Daniel's subjective job evaluations of Keenan's work performance were wrong, that the evaluations contained improper statements, and that the evaluations were made more adverse in retaliation for Keenan's filing of a grievance over an earlier job evaluation. Upon de novo review of the magistrate judge's report, the district court granted summary judgment to Daniel.

In his timely appeal, Keenan argues in great detail how the scoring of his evaluation was erroneous. He asserts that the evaluation has resulted in a two point reduction in his security classification. Further, the evaluation will be used against him in his parole consideration. He asserts that he exercised a protected constitutional right to file a grievance and that Daniel retaliated against him for filing the grievance.

The district court's judgment is reviewed de novo. *See Smith v. Wal–Mart Stores, Inc.,* 167 F.3d 286, 289 (6th Cir. 1999).

To establish a claim of retaliation in a prison context, a prisoner must show three elements: 1) that he engaged in protected conduct; 2) that an adverse action was taken against him which would deter a person of ordinary firmness from continuing to engage in that conduct; and 3) that there is a causal connection between elements one and two, i.e., the adverse action was motivated, at least in part, by the plaintiff's protected conduct. *Thaddeus–X v. Blatter,* 175 F.3d 378, 394 (6th Cir.1999). The facts are uncontested that Keenan engaged in protected conduct as prisoners have a First Amendment right to file a grievance. *See Noble v. Schmitt,* 87 F.3d 157, 162 (6th Cir.1996). The question then becomes whether Daniel's revised evalua-

tion would deter a person of ordinary firmness from continuing to engage in the protected conduct of filing grievances. Though the test for the deterrent effect of any retaliation is objective, not subjective, *Thaddeus–X*, 175 F.3d at 398, we note that the revised evaluation did not prevent Keenan from filing another grievance contesting the revised evaluation, and there is no indication that Keenan is a person of unusual firmness. Thus, the second prong of the *Thaddeus–X* test has not been satisfied.

However, even assuming that Daniel's actions could be construed as satisfying the second prong of *Thaddeus–X*, Keenan has failed to show a causal connection between his grievance and Daniel's revised evaluation. Daniel had prepared evaluations of Keenan as far back as November 1999 rating him as "below average." He again prepared such a report on March 3, 2000, which was revised after Keenan filed a grievance on July 6. In examining the differences between the original March 3, 2000 evaluation and the revised evaluation, rescoring occurred in three out of thirteen categories. The rescoring resulted in a composite score of "below average." Of these three categories, two scores were identical to the November 1999 evaluation. Thus, these scores demonstrate that Daniel had a negative opinion of Keenan prior to Keenan filing his grievance. In the last area, Daniel reduced Keenan's score by one level in the category of keeping the work space neat and clean.

The question then becomes whether Daniel's reduced score regarding the cleanliness of Keenan's work environment was motivated by Keenan's grievance. As the evidence establishes, adverse feelings existed between Daniel and Keenan prior to Keenan's grievance. Further, the evidence does not indicate that the revised evaluation was connected to Keenan's

grievance. Daniel consistently gave Keenan poor work evaluations prior to the grievance. Therefore, the record does not establish a causal connection between Daniel's revised evaluation and Keenan's grievance.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.